UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARK ALLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-2043 |
| | ) | |
| DAVID COLEMAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Baronowski, the public defender representing him in his state court criminal proceedings, refused to provide him with evidence or accept his personal statement. Plaintiff alleges that Defendant Coleman, the psychologist who examined him for fitness to stand trial, misrepresented Plaintiff's statements to "dehumanize me and demoralize me before the judge." Plaintiff alleges that Defendant Harding, a nurse at the jail, placed him in a padded cell because he was suicidal.

*Younger v. Harris*, 401 U.S. 37 (1971), requires federal courts to abstain or dismiss claims where federal litigation would interfere with ongoing state criminal proceedings. *Id.* at 44; *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014). Online records indicate that Plaintiff's underlying criminal case is still pending. *See People v. Allan*, No. 2021 CF 124 (Vermilion Cty., Ill.).[1] Plaintiff's criminal case proceedings involve the same set of facts, are judicial in nature, implicate important state interests in enforcing their own laws, and Plaintiff will have an opportunity to present his constitutional issues in that case. The Court sees no reason to interfere with Plaintiff's ongoing state proceedings. Public defenders are also not state actors for purposes of civil rights claims brought under 42 U.S.C. § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff may be able to state a claim against Defendant Harding for her actions in placing him in a padded cell, but he has not provided enough information for the Court to find that he states a claim. Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

---

[1] Available at: https://www.vercounty.org/circuit_clerk_case_search.htm (last accessed May 2, 2023).

**2) Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 9th day of May, 2023.

                                           *s/Sara Darrow*
                                           SARA DARROW
                                         CHIEF U.S. DISTRICT JUDGE