UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARK ALLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-2043 |
| | ) | |
| DAVID COLEMAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER #2

The Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 6). The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 14). The motion is granted. Plaintiff's Motion for Extension of Time to File Amended Complaint (Doc. 13) is retroactively granted. Plaintiff's motion (Doc. 12) appears to be an attempt to amend his complaint in piecemeal fashion. The motion is denied as moot.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff's allegations arise from his detention at the Vermilion County Public Safety Building ("jail") and his associated state court criminal proceedings. Defendants were employed as follows: Defendant Harding was a nurse at the jail; Defendants Muskell and Mitchell were correctional officers; Defendant Coleman was Plaintiff's state court psychologist; and, Defendant Baronowski was a public defender.

Plaintiff alleges that Defendant Harding placed him in a padded cell designed for use with suicidal inmates at a time he was not suicidal. Plaintiff alleges that Defendant Harding denied him "urinary [incontinence] supplies and was refused due to my alternative lifestyles BDSM/ABD/Furry lifestyles [which] also go into my gender identity as a[n] intersexed individual (female/K9)." (Doc. 14 at 5). Plaintiff alleges that Defendants Muskell and Mitchell "refused to provide female clothing from commissary" to accommodate his alternative lifestyles, and withheld court documents and religious materials. *Id.* at 5-6. Plaintiff alleges that Defendant Coleman made false representations regarding his mental health condition to "dehumanize and demoralize" him before the state court. Plaintiff alleges that he has been detained longer than the law allows for the charged criminal offense. He makes no allegations against Defendant Baronowski.

Plaintiff has a right to humane conditions of confinement under the Fourteenth Amendment. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). This includes, but is not limited to, adequate medical care, food, warmth, and exercise. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018); *see also Giles v. Godinez*, 914 F.3d 1040, 1052 (7th Cir. 2019). To state a constitutional claim, a plaintiff must allege facts permitting a plausible inference that (1) the conditions were objectively serious and (2) that the official deliberately or recklessly

responded in a way that was objectively unreasonable. *Hardeman*, 933 F.3d at 827 (Sykes, J., concurring); *Williams v. Ortiz*, 937 F.3d 936, 942-943 (7th Cir. 2019).

Plaintiff does not provide sufficient information regarding the context in which Defendant Harding placed him in the padded cell and denied him incontinence supplies, and the jail's designated use for that cell does not, on its own, permit a plausible inference that Plaintiff suffered the requisite deprivation or that Defendant Harding's medical care was objectively unreasonable. Plaintiff does not allege that jail officials failed to provide him with adequate clothing, or that the failure to provide his preferred clothing resulted in the denial of a basic need or exacerbated a diagnosed medical condition.

Online records indicate that Plaintiff's underlying state court criminal case is still pending. *See People v. Allan*, No. 2021 CF 124 (Vermilion Cty., Ill.).[1] As stated in the Court's previous Merit Review Order (Doc. 6), *Younger v. Harris*, 401 U.S. 37 (1971), requires federal courts to abstain or dismiss claims where federal litigation would interfere with ongoing state criminal proceedings. *Id.* at 44; *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014). The Court sees no reason to interfere with Plaintiff's ongoing state proceedings to the extent that he alleges constitutional violations arising therein. Plaintiff's allegations that officials have detained him longer than legally authorized must be litigated in a habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody).

Plaintiff may be able to state a claim against Defendant Harding for her actions in placing him in a padded cell or the denial of medical supplies, but he has not provided enough

---

[1] Available at: https://www.vercounty.org/circuit_clerk_case_search.htm (last accessed July 20, 2023).

information for the Court to find that he states a claim. Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted. Plaintiff is granted leave to file a second amended complaint as directed below.

### Plaintiff's Motion for Order (Doc. 16)

Plaintiff seeks a court order directing officials at his present place of confinement to permit him to order food from an outside vendor and keep it in his room. Plaintiff has not shown how the inability to keep food in his room has resulted in a constitutional deprivation, and thus the Court finds that Plaintiff has failed to make the showing required to obtain injunctive relief. *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (requiring a movant to show a reasonable likelihood of success on the merits). The relief sought is also not related to the underlying allegations in his complaint. *Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."). Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions [12][16] are DENIED.**

2) **Plaintiff's Motion [13] is GRANTED.**

3) **Plaintiff's Motion for Leave to File Amended Complaint [14] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

4) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file a second amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

    5) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 10th day of August, 2023.

                              *s/Sara Darrow*
                              SARA DARROW
                        CHIEF U.S. DISTRICT JUDGE